UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | Case No. 1:17-cr-00348-BLW-1 |
| v. | **PRETRIAL ORDER** |
| ROY BENITEZ, | |
| Defendant. | |

On December 3, 2018, the Court held a pretrial conference in this case. Based on that conference, the Court issues the following order:

NOW THEREFORE IT IS HEREBY ORDERED that the following deadlines and procedures shall govern the remainder of this litigation:

1.  Trial Date: A **3-day** trial is set for **December 18, 2018, at 1:30 p.m.** in the Federal Courthouse in **Boise, Idaho**. Beginning on day two, trial shall begin at 8:30 a.m. and end at 2:30 p.m., with two fifteen-minute breaks.

2.  Pre-emptory Challenges: Pursuant to Fed. R. Crim. P. 24, the Government has 6 pre-emptory challenges and the defendant has 10 pre-emptory challenges. In addition, the parties will have pre-emptory challenges to the alternate jurors as follows: one additional peremptory challenge for the Government and one additional peremptory challenge for the Defendant.

3.  Alternate Jurors: Pursuant to Fed.R.Crim.P. 24, the Court will impanel one

**Order -- Page 1**

alternate jurors.

4.    Exhibit Lists, Witness Lists, Exhibits, Proposed Voir Dire, Proposed Jury
      Instructions, Trial Briefs and Motions in Limine:  All exhibit lists, witness lists,
      proposed voir dire, proposed jury instructions, trial briefs, and any additional
      motions in limine shall be filed with the Court on or before **December 7, 2018**.
      Because of the use of electronic evidence presentation systems, it is unnecessary
      to provide any copies to the Court.  Counsel may wish to have available in the
      courtroom a copy of any exhibits which the Court may find difficult to review
      through the evidence presentation system.  The exhibit lists shall be prepared on
      form provided by the Deputy Clerk, with sufficient copies for the Judge, the
      Deputy Clerk, and the Law Clerk.  Exhibit numbers 1 through 999 shall be
      reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved
      for Government's exhibits; exhibit numbers 2000 through 2999 shall be reserved
      for the first defendant listed on the caption; exhibit numbers 3000 through 3999
      shall be reserved for the second defendant listed on the caption; and so on.
      Counsel shall review their exhibits, determine any duplication, and jointly mark
      and stipulate to the admission of those exhibits that both sides intend to offer and
      rely upon.  The proposed jury instructions shall follow the guidelines set out in
      Civil Local Rule 51.1 to the extent it is not inconsistent with this Order.
      Additionally, counsel shall provide a clean copy of the Jury Instructions to the
      Court in Word Perfect format and emailed to BLW_orders@id.uscourts.gov.

5.      Trial Procedures:

      a.      The Court will generally control voir dire, and counsel will be limited to 20-30 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

      b.      Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

      c.      During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for two standard fifteen minute morning and afternoon recesses.

      d.      During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.). If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and

resolved at the next recess.  To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

      i.      Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness did not read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember".  These "speaking objections" would suggest an answer.

e.     Counsel shall have enough witnesses ready to ensure a full day of testimony.  If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

f.     When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

g.     Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

h.     Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

i.     You are responsible to advise your clients, your witnesses and everyone

       associated with your client to avoid all contact with the jurors. This

       prohibition includes seemingly innocuous behavior like riding on an

       elevator with a juror, saying hello to a juror, or even acknowledging the

       juror's presence.

j.     I try to conduct at least 2 or 3 informal jury instruction conferences off the

       record to try and resolve most differences by agreement. Those sessions

       will be held at the end of the trial day and may stretch into the evening. At

       the end of those sessions, we will have refined the issues of contention so

       that I can give you a set of my final instructions and you can state your

       objections on the record.

DATED: December 3, 2018

B. Lynn Winmill
Chief Judge
United States District Court