UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00348-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| ROY BENITEZ, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's Motion in Limine Regarding 404(b) Evidence.
Dkt. 32. The Government responds to Defendant's Motion with its own Motion for
Admission. Dkt. 35. For the following reasons, the Court will partially grant and
partially deny both motions.

## BACKGROUND

The defendant in this case, Roy Benitez, has been charged in a single-count
indictment with the Possession of an Unregistered Firearm, 26 U.S.C. § 5861(d), to-wit, a
Mossberg, Model 88, 12-gauge shotgun, having a barrel less than 18 inches in length.
Dkt. 1. On July 20, 2018, the Government filed a Second Notice of Intent to Use 404(b)
Evidence (the "Notice"). Dkt. 23. The Government proffers the following facts in the
Notice:

1. During Benitez's sale of the Mossberg shotgun to the confidential informant and a third-party on July 26, 2017, the confidential informant and third-party who had accompanied Benitez to the sale acknowledged just after the transaction had occurred that they could not purchase firearms from a pawn shop. Dkt. 23 at 2; Dkt. 44 at 1-2.

2. Roughly one week later, on August 4, 2017, Benitez met with the confidential informant again at the Walmart on Overland Road in Meridian, Idaho. Dkt. 23 at 2.

3. At the meeting, Benitez sold the confidential informant an AR-15 rifle. Dkt. 23 at 2.

4. During the sale, the confidential informant asked Benitez if Benitez could acquire more short shotguns[1] like the Mossberg shotgun. Dkt. 23.

5. In response, Benitez said that he could probably get another short shotgun from his contact, who he described as a "white boy" that he met during his "time in juvie." Dkt. 23 at 2.

---

[1] There is a dispute about exactly what language the confidential informant used in asking Benitez during the sale of the AR-15 whether Benitez could procure an additional shotgun like the one Benitez had sold to the confidential informant on July 26, 2017. The Government paraphrases the confidential informant's request as asking for another "short shotgun" that was "sawed-off." Dkt. 23 at 2. Benitez contends that the confidential informant never used the terms "short shotgun" or "sawed-off." Dkt. 32 at 2. For purposes of this decision, the Court will assume that the confidential informant used the terms "short shotgun" and "sawed-off" because it increases the prejudicial nature of the evidence being offered by the Government, thereby making exclusion more likely.

Benitez objects to the admission of each of the facts described above under Federal Rule of Evidence 404(b). Dkt. 32. Benitez also makes arguments premised on Rules 401, 402, and 403. The Government, despite having filed a Notice indicating its intent to offer 404(b) evidence, "does not concede that any of the proposed evidence is subject to Rule 404(b)." Dkt. 35-1 at 2. The Government also argues that the evidence is admissible under Rules 401, 402, and 403.

## LEGAL STANDARD

Federal Rule of Evidence 404(b)(1) states "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Although Rule 404(b) forbids admitting evidence of prior bad acts for the purpose of showing that the defendant has a bad character and is prone to criminal activity, evidence regarding prior acts may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b)(2). As such, the United States Court of Appeals for the Ninth Circuit has held that Rule 404(b) is an inclusionary rule under which evidence is admissible for one of the purposes stated in the rule, unless it tends to prove only criminal disposition. *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995).

To prove that the evidence is offered for one of these reasons, the Government must show that the evidence: (1) is offered to prove a material element of the current offense; (2) if admitted to prove intent, is similar to the offense charged; (3) is based on

sufficient evidence; and (4) is not too remote in time. *United States v. Ramirez–Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). "The [G]overnment must also show that the evidence satisfies Federal Rule of Evidence 403 such that its probative value is not outweighed by its prejudicial effect."[2] *Id.*

Importantly for the purposes of this case, the United States Supreme Court has acknowledged that prior bad act evidence "may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). "So long as the evidence is offered for a proper purpose ... the district court is accorded wide discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).

## ANALYSIS

First, the Court must resolve whether Rule 404(b) applies to the evidence contained in the Government's Notice. The Parties' briefing on this particular point is not entirely clear. The Government's Notice classifies the evidence as Rule 404(b) evidence. But, in its briefing the Government states that it "does not concede that any of

--------

[2] The exclusion of relevant evidence to avoid unfair prejudice is an extraordinary remedy to be used sparingly, *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987), and in balancing probative value against possible prejudice, the court must consider the need for the prior act evidence to prove a particular point, such as intent. *United States v. Morris*, 827 F.2d 1348, 1350 (9th Cir. 1987), *cert. denied*, 484 U.S. 1017 (1988).

the proposed evidence is subject to Rule 404(b)." Dkt. 35-1 at 2. Benitez's briefing is even more perplexing. First, Benitez argues that the evidence should be excluded under Rule 404(b). Dkt. 32 at 1. But, later in the brief Benitez argues that "[t]he sale of the AR-15 was not a crime wrong other act. For these reasons, the threshold requirement for admission of 404(B) [*sic*] evidence has not been met." Dkt. 32 at 3.

Given the state of the briefing, the Court will assume, for purposes of this decision, the Rule 404(b) applies to each piece of evidence. An evaluation of the admissibility of each piece of evidence follows:

### 1. *Sale of the AR-15 on August 4, 2017*

The Court finds that the sale of the AR-15 to the confidential informant, even though it occurred roughly one week after the alleged crime at issue in this case, is admissible under Federal Rules of Evidence 401, 402, 403, and 404(b). Starting with the Rule 404(b) analysis, the Government argues, and the Court agrees, that the sale of the AR-15 shows the Defendant was familiar with guns, thereby making him more likely to know that the Mossberg shotgun he sold just one week prior had a barrel that was too short. The second, third, and fourth prongs of *Ramirez-Robles* are also satisfied here given that (1) the sale of the AR-15 and the sale of the Mossberg shotgun are similar events, (2) there is recorded and testimonial evidence of the AR-15 sale, and (3) the temporal gap between the sale of the AR-15 and the Mossberg shotgun was only a week. 386 F.3d at 1242.

Given the discussion above, the court concludes that sale of the AR-15 is also relevant under Rule 401 and therefore admissible under Rule 402. Benitez is left with Rule 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." Relying on Rule 403, Benitez argues that "[i]t is highly probable that a jury would be profoundly impacted by knowledge that the Defendant sold an assault rifle. Some people simply react differently with respect to assault rifles. Accordingly, even if there were some remote relevance to the introduction of this subsequent act, its prejudicial impact would outweigh any such relevance." Dkt. 32 at 3-4.

The Court disagrees with Benitez's Rule 403 analysis. Again, the AR-15 sale shows Benitez's familiarity with guns, which is pertinent to the central issue in this case: whether Benitez knew that the barrel of the Mossberg shotgun was too short. *Huddleston*, 485 U.S. at 685 (noting that prior act evidence is often crucial in establishing a Defendant's state of mind). Although Benitez is correct that there is a disturbing trend involving individuals using AR-15's in mass shootings in this Nation, any unfair prejudice faced by Defendant due to this fact does not "substantially outweigh" the probative value of the AR-15 sale. AR-15's are commonly owned throughout Idaho, and what appears to be a lawful sale of the AR-15 between Benitez and the CI is unlikely to create any unfair prejudice.

## 2. *Benitez's Use of the Phrases "White Boy" and "Time in Juvie" on August 4, 2017*

Next, Benitez objects to the admission of the recording of his encounter with the confidential informant during the sale of the AR-15 because the recording contains Benitez using the phrase "white boy" to describe the individual from whom Benitez originally purchased the Mossberg shotgun. Dkt. 32 at 2. On the recording, Benitez also volunteers that he met the "white boy" during his "time in juvie." Dkt. 32 at 2.

The Court agrees with Benitez's objection, though it is a close call. The Government argues that Benitez is describing the source of the weapon. Based on Benitez's description of the supplier as an individual with questionable character, the jury could infer the Benitez knew that the weapon in question was unlawful. Balanced against this probative value, however, is the fact that Benitez uses as racially-loaded term and reveals that he has previously spent time in a juvenile facility. This creates a situation in which the jury may infer (1) that Benitez is racist and (2) that Benitez has a propensity towards illegal conduct because he has been in the criminal justice system since he was a juvenile. Given the slight probative value of the evidence and the fact that a curative instruction is unlikely to erase, in the minds of the jurors, the fact that Benitez used a racially-loaded term and had previously spent time in a juvenile facility, the Court agrees that these statements should be excluded under Rule 404(b) and Rule 403.

3. ***Statements by the Confidential Informant and a Third-Party During the July 26, 2017 Meeting Indicating They Could Not Purchase Firearms from a Pawn Shop***

Finally, Benitez objects to the admission statements made by the confidential informant and a third-party that accompanied Benitez to the July 26, 2017 indicating that the informant and third-party could not purchase firearms from a pawn shop. Dkt. 23 at 2. Benitez objects under Rules 404(b) and 403.

Starting with Rule 404(b), unlike the evidence discussed above, these facts relate to statements made during Benitez's sale of the Mossberg shotgun to the confidential informant. As such, the issue becomes whether the statements are "inextricably intertwined" with the sale and therefore outside of Rule 404(b)'s proscriptions.[3] This Court has previously held that "[e]vidence is inextricably intertwined when particular acts of the defendant are part of a single criminal transaction[.]" *United States v. Franklin*, No. 1:15-CR-00242-BLW, 2016 WL 4033105, at *3 (D. Idaho July 27, 2016).

Here, even though the statements by the confidential informant and third-party occurred after the parties to the transaction had exchanged consideration, the statements were made as part of the same meeting. *See United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) ("Rule 404(b) does not apply when offenses [are] committed as part of a single criminal episode[.]" (quotation omitted)). Furthermore, the evidence here is

---

[3] Other than arguing that the statements were made after the parties to the transaction had exchanged consideration, Benitez's response to the Government's Motion for Admission is silent with respect to whether this evidence is inextricably intertwined. Dkt. 38 at ¶ 4.

being used to refute a claim by Benitez that he was unaware that there was anything unlawful about the transaction. *Cf. United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) (holding that "other act" evidence was not subject to Rule 404(b) scrutiny when it refuted a defendant's claim that he lacked knowledge).

Finally, with respect to Benitez's Rule 403 challenge, although the probative value of the evidence is far from overwhelming, the Court finds that any unfair prejudice suffered by Benitez does not "substantially outweigh" the probative value. Any unfair prejudice suffered by Benitez is curable with an instruction from this Court. Furthermore, Benitez remains free to argue, as he does in his Response (Dkt. 38), that there is a myriad of reasons why an individual may not be allowed to purchase firearms from a pawn shop. By extension, Benitez may argue that he did not infer from the comments that something potentially unlawful was transpiring.

## CONCLUSION

The Court's decision on these issues is intended to guide the Parties in their preparation for trial and is based on the motions before it. The Court acknowledges that potential Rule 404(b) and Rule 403 issues are lurking in this case, and it is possible that, placed in context, the Court may wish to reconsider its ruling here. As such, both Benitez and the Government remain free to object to and seek admission of the evidence discussed herein during trial. However, they should do so only after notifying the Court outside the presence of the jury of their intent to do so. The Court will then evaluate any

objections with (1) the full evidentiary record before it and (2) the benefit of oral argument from the parties.

## ORDER

**IT IS ORDERED:**

1.   The Government's Motion for Admission (Dkt. 35) is **GRANTED** with respect to the sale of the AR-15 and the statements made during the July 26, 2017 sale of the shotgun.  The Motion is **DENIED** with respect to the statements made by Benitez during the August 4, 2017 sale.

2.   Defendant's Motion in Limine Regarding 404(b) Evidence (Dkt. 32) is **DENIED** with respect to the sale of the AR-15 and the statements made during the July 26, 2017 sale of the shotgun.  The Motion is **GRANTED** with respect to the statements made by Benitez during the August 4, 2017 sale.

DATED: December 14, 2018

B. Lynn Winmill
Chief U.S. District Court Judge